DENNIS D. DOTY, *Appellant*, v. L. C. CASH, *Appellee*.

No. 17,354.

HEADNOTE BY THE REPORTER.

EJECTMENT—*Quitclaim Deed—No Delivery—No Consideration.*
Where a quitclaim deed is executed and placed on record by a
grantor, without consideration, and without the knowledge
of the grantee and the grantee never asserts any right to
possession or claim to the title, such deed is an insufficient
title upon which to base an action in ejectment.

Appeal from Meade district court. Opinion filed
July 6, 1912. Affirmed.

*R. W. Hoskinson, Albert Hoskinson,* and *R. E. Stotts,*
all of Garden City, for the appellant.

*Frank S. Sullivan,* of Meade, for the appellee.

*Per Curiam:* Action in ejectment, trial to the court,
and judgment in defendant's favor. Plaintiff appeals.
In 1892 the title under which both parties claim stood
in The American Mortgage Trust Company. The de-
fendant took possession of the land in 1903 under a tax
deed which was less than five years old when the action
was brought, and which, it is conceded, is void for the
reason that it included an illegal tax. The defendant,
however, claims by virtue of a conveyance made by
order of court in certain proceedings in aid of execu-
tion in an action against The American Mortgage Trust
Company and also under a decree quieting his title
to the land. The plaintiff claims under a quitclaim
deed from James W. Brock, who was not a party to
the action to the proceedings in aid of execution nor to
the action brought to quiet title. He was a stock-
holder in the mortgage company, and the question upon
which the case turns is whether in fact he took the
title in fee by virtue of the company's quitclaim deed.
The contention of the defendant is that the deed was
never delivered to Brock, that he paid no consideration,

that he never attempted to exercise any ownership or control of the property and asserted no claim to the title. His deposition was in evidence and appears to sustain these contentions. The deed was executed to him in September, 1896, without his knowledge, and placed on record by the company in 1897. If he acquired title by the deed from the company he was a necessary party to the court proceedings, and the defendant's claim must fail. The general judgment in the defendant's favor, however, is a finding that Brock never acquired any title because the deed was never delivered, was made without his knowledge, and without any consideration. This renders it unnecessary to determine the validity of any of the tax deeds offered in evidence. There being evidence sufficient to sustain the general finding in defendant's favor, the judgment will be affirmed.